UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RASAON CARR,

    Plaintiff,

v.

META PLATFORM, INC., f/k/a
FACEBOOK, INC., et al.,

    Defendant.

Case No. 1:23-cv-322

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On May 26, 2023, Plaintiff, proceeding pro se, filed an application seeking to proceed *in forma pauperis* along with a tendered complaint against Defendants Meta Platform Inc. f/k/a Facebook Inc., and Cambridge Analytica (SLC).[1] By separate Order, the undersigned has granted Plaintiff leave to proceed *in forma pauperis.* This matter is now before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

    **I.**    **Standard of Review**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive

---

[1] The undersigned takes judicial notice of a second case filed by the same Plaintiff on the same day. *See Carr v. OneTouchPoint, Inc*., Case No. 1:23-cv-323-MWM-SKB.

lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs

2

dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**II.     Background**

Plaintiff has tendered his complaint on a standard form used by pro se litigants. Under the section captioned as "Statement of Claim," Plaintiff sets forth the following allegations:

> Meta Platform/Facebook allowed Cambridge Analytica to access my personal information without notif[y]ing me or been given permission to do so. This data breach occur[r]ed between March 2018 to December 2019.
>
> Claims: #
>
> 1) negligence
> 2) Breach of Contract/Confidence
> 3) Fraud
> 4) Computer Fraud and Abuse

3

    5) Invasion of Privacy
    6) Deception

(Doc. 1-1 at 3, PageID 6). In the section captioned "Relief," Plaintiff explains that he seeks an award of "punitive damages past, present, future. As well as punitive damages for emotional distress and damage… to reputation. I [am] asking for $10 million U.S. Dollars." (*Id.* at 4, PageID 7).

### III.    Analysis

Plaintiff's complaint is subject to summary dismissal because it lacks sufficient factual content to put Defendants on notice of the claims against them, and is therefore legally frivolous and fails to state a claim under the screening standards of 28 U.S.C. § 1915(e)(2)(B). Federal courts are courts of limited jurisdiction. *See generally, Miller v. Countrywide Home Loans*, 747 F. Supp. 2d 947, 953 (S.D. Ohio 2010) (discussing federal question and diversity jurisdiction). In his civil cover sheet as well as on the complaint form, Plaintiff asserts the existence of federal subject matter jurisdiction based on a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[2] More specifically, Plaintiff alleges that Defendants violated the Computer Fraud and Abuse Act ("CFAA"). (*See* Doc. 1-1 at 2, PageID 5, citing 18 U.S.C. § 1030). However, Plaintiff fails to state any claim for relief under that Act.

### A.  Plaintiff's Failure to State any Federal Claim

The CFAA was originally drafted as a criminal statute. Several provisions are clearly inapplicable because they are limited in scope to the unauthorized use of

---

[2] Plaintiff does not allege the existence of diversity jurisdiction. But even if he had, the lack of any factual detail to support any of his claims, including the failure to allege damages apart from a wholly unsupported and legally frivolous claim for 10 million dollars in punitive damages, would compel a conclusion that such jurisdiction does not exist. *See, e.g., Amison v. Dominos Pizza Inc.*, 2020 WL 9762464, at *2 (W.D.Mich., 2020) (collecting cases, holding that dismissal for lack of good faith and lack of jurisdiction was appropriate despite claim for punitive damages)

4

governmental information or computers; the complaint contains no such allegations. By contrast, relevant provisions of the CFAA provide for criminal penalties if a person "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains" certain financial records, or "information from any protected computer." *See* 18 U.S.C. § 1030(a)(2)(A) and (C). The Act also provides for criminal penalties if a person "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period." 18 U.S.C. § 1030(a)(4).

Although Plaintiff has no authority to seek criminal prosecution under the Act, the CFAA was expanded by Congress to provide for private civil causes of action in 1994. *See American Furukawa, Inc. v. Hossain*, 103 F. Supp. 3d 864, 870 (E.D. Mich. 2015). Thus, in addition to its criminal penalties, the CFAA states:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage….

18 U.S.C. § 1030(g).

In order to bring a civil claim under § 1030(g), Plaintiff must demonstrate, at a minimum: (1) that Defendants' conduct violates a separate provision of the CFAA; and (2) that Defendants' conduct involves one of the five factors set forth in subsection

5

(c)(4)(A)(i). As for the first showing, Plaintiff's reference to the CFAA fails to state a plausible claim because he does not allege *any* specific violation of the Act or include *any* factual content that would put either Defendant on notice of his claim. In other words, no matter how liberally construed, Plaintiff has failed to allege sufficient factual "detail from which this Court can discern any conceivable claim" against either of the named Defendants. Instead, the complaint offers nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff alleges that Defendant Meta "allowed" Defendant Cambridge Analytica to "access" his "personal information." But that conclusory allegation fails to identify the records accessed as those protected by the CFAA, or allege that the alleged access was intentional, or that it otherwise involved a "protected computer" so as to trigger a CFAA violation.[3] His cursory list of claims such as "fraud" and/or "computer fraud" leaves this Court (and Defendants) no better informed about what provision of § 1030 either Defendant may have violated, or in what manner. Thus, Plaintiff's failure to articulate factual support for his CFAA claim renders it subject to summary dismissal under §1915(e)(2)(B). *See generally, McQueen v. City of Cincinnati*, 2020 WL 6557590, at *3

---

[3]Certain violations of the CFAA occur only if the defendant intentionally accesses a "protected computer," defined as:
>(A) exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government;
>(B) which is used in or affecting interstate or foreign commerce or communication…
>(C) that--
>>(i) is part of a voting system; and
>>(ii)(I) is used for the management, support, or administration of a Federal election; or
>>(II) has moved in or otherwise affects interstate or foreign commerce.

18 U.S.C. § 1030(e)(2) (defining "protected computer"); *see also, generally*, 18 U.S.C. § 1030(a)(2)(C). (a)(3) – (a)(5) (violations involving a defendant's access of a "protected computer).

(S.D. Ohio, Nov. 9, 2020), adopted at 2021 WL 1909765 (S.D. Ohio May 12, 2021). ("To the extent that Plaintiff intended to state some form of claim under the Fair Housing Act or under 42 U.S.C. § 1983, she fails to include any factual content or context from which the Court may reasonably infer that any of the identified Defendants discriminated against her in violation of the Fair Housing Act or otherwise violated any of Plaintiff's federal or constitutional rights.").

Even if this Court could ascertain what provision of the CFAA Plaintiff believes was violated, however, Plaintiff still must satisfy the second part of § 1030(g) by showing that the claimed "damage or loss" arose from conduct involving one of the factors listed under §1030(c)(4)(A)(i). The only *potentially* applicable factor requires Plaintiff to show that Defendant's conduct has caused "loss to 1 or more persons during any 1-year period… aggregating at least $5,000 in value." 18 U.S.C. §1030(c)(4)(A)(i)(I).[4] That $5,000 damage threshold must be measured in "economic damages." 18 U.S.C. § 1030(g); s*ee also Madorsky v. Does*, Case No. 1:06CV0123, 2006 WL 1587349, at *3 (N.D. Ohio June 8, 2006) (collecting cases and dismissing pro se lawsuit because "the limited case law available in this area supports the conclusion that all injuries under § 1030(g) are subject to § 1030(e)(8)'s $5,000 threshold, whether termed 'damage' or 'loss.'").

Plaintiff's complaint states that he seeks "punitive damages" totaling 10 million dollars. But punitive damages do not qualify as the requisite type of "damage" or "loss" in excess of $5,000 that the CFAA requires. In fact, "[t]he plain language of the CFAA does not authorize punitive damages" at all. *See Fraser v. Mint Mobile, LLC*, Case No. C 22-

---

[4] The current version of the CFAA took effect October 20, 2020. Earlier versions of the civil remedy provision contained similar language that incorporated a $5,000 minimum damage or loss threshold.

00138 WHA, 2022 WL 1240864, at *9 (N.D. Cal. April 27, 2022) (citing to *Massre v. Bibiyan*, 2014 WL 2722849, at *3 (S.D.N.Y. June 16, 2014)).

Because the complaint lacks factual detail, this Court cannot reasonably infer that Plaintiff could satisfy the $5,000 damage or loss amount.

> The CFAA defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). It defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." *Id.* § 1030(e)(11). As the Supreme Court recently held: "The statutory definitions of 'damage' and 'loss' thus focus on technological harms - such as the corruption of files - of the type unauthorized users cause to computer systems and data.... The term's definitions are ill fitted, however, to remediating 'misuse' of sensitive information...." *Van Buren v. United States*, 141 S. Ct. 1648, 1659–60 (2021). In other words, "the CFAA creates the right to recover damages and losses related to a computer or system, not damages that flow from the use of unlawfully obtained information." *Delacruz v. State Bar of Cal.*, 2017 WL 7310715, at *6 (June 21, 2017) (Judge Susan Van Keulen), *report and recommendation adopted*, 2017 WL 3129207 (N.D. Cal. July 24, 2017) (Judge Beth Labson Freeman).

*Fraser*, 2022 WL 1240864, at *5.

Finally, in addition to Plaintiff's failure to include sufficient facts explaining what each Defendant is alleged to have done to violate the CFAA, or allegations about the requisite damage or loss amount, a plaintiff bringing an action under the CFAA's civil enforcement provision must do so "within 2 years of the date of the act complained of or the date of the discovery of the damage." 18 U.S.C. § 1030(g). Plaintiff generally alleges that a "data breach" giving rise to his claim(s) occurred between March 2018 and

8

December 2019 – more than *three* years ago. He does not include allegations that refer to any later date. Thus, any CFAA claim is facially time-barred.

### B. Plaintiff's Related State Claims

In addition to his cursory reference to the CFAA, Plaintiff's complaint contains a brief list of equally unsupported claims such as negligence, breach of contract/confidence, invasion of privacy and deception. Because the only federal law he identifies is the CFAA, the undersigned presumes any non-CFAA claims arise under state law.

Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130 (1966). The Court, however, may exercise discretion in hearing State law matters. *Id.* at 726. For times when the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having recommended dismissal of Plaintiff's federal claim for failure to state a claim, the undersigned recommends the dismissal of all other claims brought under state law.

### IV. Conclusion and Recommendations

For the reasons stated, **IT IS RECOMMENDED**:

1. Plaintiff's complaint is legally frivolous and fails to state any claim for relief under 18 U.S.C. § 1030(g) against either Defendant under the screening standards of 28 U.S.C. § 1915(e)(2)(B). For that reason, his federal claims should be dismissed with prejudice. Alternatively, and to the extent that the district court prefers to dismiss for lack of federal jurisdiction rather than for failure to state a claim under § 1915(e)(2)(B), Plaintiff's federal claims should be dismissed without prejudice.

9

2. The Court should decline to exercise jurisdiction over any related state law claims. Any state law claims that may exist should be dismissed without prejudice;

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RASAON CARR,

    Plaintiff,

v.

META PLATFORM, INC., f/k/a
FACEBOOK, INC., et al.,

    Defendant.

Case No. 1:23-cv-322

Cole, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party must respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).