## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**RASAON CARR,**

       **Plaintiff,**

     **v.**

**META PLATFORM, INC., et al.,**

      **Defendants.**

**Case No. 1:23-cv-322**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Bowman**

## <u>OPINION AND ORDER</u>

Before the Court are Magistrate Judge Bowman's June 8, 2023, Report and Recommendation (R&R, Doc. 4), which recommends that the Court dismiss Plaintiff's Complaint (Doc. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is legally frivolous and fails to state a claim upon which relief may be granted, and Carr's Objection (Doc. 6) to the R&R. For the reasons stated more fully below, the Court agrees with the recommendation and **DISMISSES** Carr's Complaint (Doc. 3), but for slightly different reasons than those stated in the R&R.

## BACKGROUND

In his Complaint, Carr alleges, without additional elaboration, that "Meta Platform/Facebook allowed Cambridge Analytica to access [his] personal information without notifying [him] or [having] been given permission to do so. That data breach occurred between March 2018 to December 2019." (Doc. 3, #17). Based on this single allegation, Carr raises six claims against Meta and Cambridge Analytica: (1) negligence; (2) "breach of contract/confidence"; (3) fraud; (4) "Computer Fraud and Abuse" in violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030;

(5) invasion of privacy; and (6) deception. (*Id*.). Carr also moved to proceed in forma pauperis. (Doc. 1).

Under this Court's General Order Cin. 22-02, the matter was referred to a Magistrate Judge. On June 8, 2023, she granted Carr's request to proceed in forma pauperis. (Doc. 2). That same day, invoking the Court's screening authority under 28 U.S.C. §§ 1915(e), 1915A, the Magistrate Judge issued her R&R recommending dismissal of Carr's Complaint as frivolous because it failed to state a claim upon which relief may be granted. (Doc. 4, #29–30). She found the Complaint wanting as to both Defendants because "Plaintiff has failed to allege sufficient factual 'detail from which this Court can discern any conceivable claim' against either of the named Defendants. Instead, the complaint offers nothing 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (*Id*. at #26 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). And because she found that there were insufficient factual allegations to support Carr's federal law claim under the CFAA, she recommended that the Court decline to exercise supplemental jurisdiction over Carr's state-law claims and dismiss them as well. (*Id*. at #29).

The R&R also advised Carr that failing to object within 14 days could result in a forfeiture of his right to the Court's de novo review of the R&R as well as his right to appeal this decision. (Doc. 4, #31). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such

objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Carr needed to object by June 22, 2023. But the R&R was returned to the Court as undeliverable on July 10. (Doc. 5).

After Carr contacted the Clerk's Office for a case update on September 20, the Court emailed him a copy of the R&R and received his objection five days later. (Doc. 6). First, Carr asked the Court to excuse his tardiness in filing his objection. (*Id.* at #34). Second, he wrote that he

> brings this action … in leu [sic] of having opted out of Facebook, Inc. [sic] Consumer Privacy User Profile Litigation, Case No-3:18-md)2843-vc [sic] … to obtain civil penalties, an injunction, and other equitable relief for violations of a 2012 [] order previously issued by th[e] Federal Trade Commission ("FTC" or "Commission") for violations of Sections 5(a) of the FTC Act. … This action seeks to hold Facebook accountable for its failure to protect consumers privacy as required by the 2012 Order and the FTC Act.

(*Id.*). Finally, he attached two exhibits: the civil cover sheet for the case he references and a copy of his email opting out of the settlement. (*Id.* at #35–36).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection.*" Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

3

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Carr is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law … ." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

4

## LAW AND ANALYSIS

**A.** **Carr Lacks Standing As To His Claims Against Cambridge Analytica.**

Before turning to the merits, the Court must consider standing. "Standing arises from the Constitution's mandate that federal courts decide only 'Cases' or 'Controversies.'" *Oklahoma v. United States*, 62 F.4th 221, 233 (6th Cir. 2023) (quoting U.S. Const. art. III, § 2, cl. 1). And as a jurisdictional prerequisite to suit, the Court may assess the issue of standing sua sponte. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). To establish standing to sue, a plaintiff "must point to an injury that is traceable to the defendant's conduct and that a judicial decision can redress." *Oklahoma*, 62 F.4th at 233 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Any injury-in-fact a plaintiff alleges must constitute "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (cleaned up). And a plaintiff must establish Article III standing as to each defendant. *Fox v. Saginaw Cnty.* 67 F.4th 284, 293 (6th Cir. 2023) ("[A] plaintiff's standing to sue one defendant does not give the plaintiff standing to sue every other defendant. The plaintiff must tie the injury to each defendant.").

Construed generously, Carr's pro se Complaint alleges the following: (1) he provided data to Facebook pursuant to a contract between them—presumably the terms of service for his Facebook account; (2) that contract required Facebook to safeguard his data; (3) Facebook failed to do, resulting in Cambridge Analytica gaining access to the information in 2018 or 2019. That is perhaps enough to establish

5

standing for at least some of his claims against Meta. Such contractual rights create a concrete, legally protected interest that is enforceable against Meta and was invaded by the alleged data breach(es). And the alleged breach is traceable to Meta's conduct because Facebook gave Cambridge Analytica access to his data. Finally, the alleged injury could be redressed by a favorable decision from this Court.

But the same cannot be said about Carr's claims against Cambridge Analytica. Even reading his Complaint generously, Carr has not alleged that Cambridge Analytica breached a contractual duty or otherwise invaded any legally protected interest that Carr has. After all, there is no reason to think Cambridge Analytica was a party to any contract he had with Meta. Perhaps if Cambridge Analytica had obtained Carr's data by directly accessing his electronic devices, Carr could rely on an invasion of his "right to be let alone" as the basis for his injury. *See Dickson v. Direct Energy, LP*, 69 F.4th 338, 345–48 (6th Cir. 2023) (finding that accessing a person's cell phone is sufficiently analogous to the common law tort of intrusion upon seclusion, a cause of action for invasion of privacy, to count as an injury for Article III purposes). But he has alleged nothing of the sort. In sum, Carr has not alleged any injury-in-fact that Cambridge Analytica caused, and, as a result, has not satisfied Article III standing requirements as to that defendant. And the lack of standing means the Court may not evaluate the merits and instead must dismiss those claims for a want of jurisdiction. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,

549 U.S. 422, 430–31 (2007). Accordingly, the Court dismisses Carr's claims against Cambridge Analytica without prejudice for lack of standing.*

## B.    Carr Fails To State A Claim Against Meta.

Having determined that Carr has standing to pursue at least some of his claims against Meta, the Court considers whether Carr has sufficiently alleged any of those claims. Carr's single allegation that Facebook "allowed Cambridge [A]nalytica to access [his] personal information without notifying [him] or [having] been given permission to do so" leaves the Court with a host of unanswered questions. What contract did Carr have with Meta, and what were its terms? Was there any other reason that Meta had a duty to safeguard Carr's information? More importantly, what specific data did Meta improperly disclose? What safeguards did Meta take to prevent that disclosure? How did sharing the information cause damage? What damage did Carr personally suffer? Certainly, Carr's conclusory demand seeking $10 million for "punitive damages," "emotional distress" damages, and "damages … [for] damage to reputation," (Doc. 3, #18), does not answer those questions. Neither does his objection, which adds a claim (violations of the FTC Act) without adding any factual allegations. (Doc. 6, #34).

Put simply, given Carr's meager allegations, the Court agrees with the Magistrate that "Plaintiff has failed to allege sufficient factual 'detail from which this

---

* Because Carr lacks Article III standing to prosecute these claims, the Court need not address whether it should exercise supplemental jurisdiction over his attendant state-law claims under *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Carr's inability to allege standing means his entire cause of action against Cambridge Analytica must be dismissed for a want of subject matter jurisdiction.

Court can discern any conceivable claim' against either of the named Defendants. Instead, the complaint offers nothing 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (*Id.* at #26 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). That is not enough to plausibly allege any of the six claims that Carr seeks to advance. Accordingly, the Court adopts the R&R's conclusion as to Carr's claims against Meta and dismisses those claims for failure to state a claim upon which relief can be granted.

## C. An Appeal Of This Order Would Not Be In Good Faith.

Finally, because Carr is proceeding in forma pauperis, the Court must assess, pursuant to 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Because Carr's Complaint fails to "include *any* factual content that would put either Defendant on notice of his claim," (Doc. 4, #26), "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). The Court therefore certifies that any appeal taken from this Order in forma pauperis would not be in good faith.

## CONCLUSION

Accordingly, the Court accepts the Magistrate Judge's recommendation, albeit for different reasons. Accordingly, it **OVERRULES** Carr's Objection (Doc. 6) and **DISMISSES** his Complaint (Doc. 3) **WITHOUT PREJUDICE**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Carr leave to appeal in forma

pauperis. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

      **SO ORDERED.**

November 21, 2023
_____
**DATE**

_____
**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**